UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO PORRAS,<br><br>                    Petitioner,<br><br>     v.<br><br>JAMES YATES, Warden<br><br>                    Respondent.                    / | CV F   05-00284 OWW DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 18] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 28, 2005.  By order of April 14, 2005, the Court directed Respondent to submit a response to the petition. (Court Doc. 5.)  Respondent filed an answer to the petition on July 11, 2005, and Petitioner filed a traverse on August 8, 2005.  (Court Docs. 10, 13.)  Now pending before the Court is Respondent's motion to dismiss the instant petition based on mootness due to Petitioner's death, filed July 7, 2006.  (Court Doc. 18.)

DISCUSSION

As Respondent points out, on June 19, 2006, an Order Reassigning a New District Judge in the instant case that was mailed to "Eduardo Porras T-94724 [¶] Pleasant Valley State Prison [¶] P.O. Box 8503 [¶] Coalinga, CA 93210-8503" was returned as undeliverable, stamped "RETURN TO SENDER" with a handwritten notation "Death."  (Court Doc. 17; Exhibit A, at 1-

3, attached to Respondent's Motion.)  Respondent submits a copy of Petitioner's death certificate indicating that he died on March 21, 2006.  (Exhibit B, at 1-2, attached to Respondent's Motion.)  As Respondent recognizes, although the certificate spells Petitioner's last name as Porraz (Exhibit B, at 2), the probation officer's report indicates his name has various aliases (Exhibit C, at 1).  As reflected on the certificate, Petitioner's first name, middle name, date of birth, birthplace, social security number, education, usual occupation, father's name, and mother's place are all consistent with those listed in the probation report (Exhibit C, at 1, 4-5).  As Respondent submits, given these obvious consistencies, the certificate's spelling of Petitioner's last name appears to be a mere variation of spelling or a typographical error.  Read together, Respondent's exhibits A through C establish that Petitioner is deceased, and the instant petition for writ of habeas corpus is moot.  This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petitioner must be "in custody" under the conviction or sentence in which the petition attacks at the time the petition is filed.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Allen v. State of Oregon, 153 F.3d 1046, 1048 (9th Cir. 1998).  The death of Petitioner renders the instant petition moot.  See Dove v. United States, 423 U.S. 325 (1976) (per curiam) (dismissing certiorari petition because petitioner had died).  Because Petitioner is now deceased, he is no longer "in custody" and cannot challenge his conviction, and the petition is moot.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition be GRANTED; and
2. The instant petition for writ of habeas corpus be DISMISSED as MOOT.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

1 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
2 and filed within ten (10) court days (plus three days if served by mail) after service of the
3 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
4 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
5 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
6 Cir. 1991).

IT IS SO ORDERED.

Dated:   August 29, 2006            /s/ Dennis L. Beck
3b142a                              UNITED STATES MAGISTRATE JUDGE

3